UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

LONDON FORD,              )
                      )
      Petitioner,        )         Civil No. 08-196-ART
                      )
v.                      )
                      )  **MEMORANDUM OPINION & ORDER**
HECTOR A. RIOS, JR., Warden, )
                      )
      Respondent.     )
                      )
                      )

*** *** *** ***

London Ford is currently incarcerated in the United States Penitentiary-Big Sandy, in Inez, Kentucky. He has submitted a *pro se* Petition for Writ of Habeas Corpus purportedly pursuant to 28 U.S.C. § 2254, but as will be discussed in more detail in this Memorandum Opinion and Order, his Petition has been docketed as being filed pursuant to 28 U.S.C. § 2241. Ford has paid the District Court filing fee of $5.00, R. 5, and his petition is now before the Court for screening, 28 U.S.C. § 2243; *Harper v. Thoms*, 51 Fed. App'x 517, 518–19 (6th Cir. 2002). In his petition Ford challenges his convictions by the Superior Court of the District of Columbia on the grounds that his rights under *Miranda v. Arizona*, 384 U.S. 436 (1966), were violated, and his appellate counsel failed to provide effective assistance on appeal of his convictions.

Because Ford is appearing *pro se*, his Petition is held to less stringent standards than those drafted by attorneys. *Burton* v. *Jones*, 321 F.3d 569, 573 (6th Cir. 2003); *Hahn* v. *Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999). During screening, the allegations in his Petition are

-1-

taken as true and liberally construed in his favor.  *Urbina* v. *Thoms*, 270 F.3d 292, 295 (6th Cir. 2001).  But, this liberal screening policy has limits, *see Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996); *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989), and the Court may dismiss the Petition at any time, or make any such disposition as law and justice require, if it determines that the Petition fails to establish adequate grounds for relief, *Hilton* v. *Braunskill*, 481 U.S. 770, 775 (1987).

## FACTS

Ford has submitted a minimally completed AO Form, titled Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Prisoner in State Custody, to which he has attached a self-styled, type-written Motion to Vacate Conviction and Sentence under 28 U.S.C. § 2254.  The following is a summary of the allegations in these two documents, supplemented by information found on Westlaw.  *See* R. 2.

Petitioner states only that a jury convicted him in the Superior Court of the District of Columbia in case number F-4355-99.  According to *Ford v. United States*, 931 A.2d 1045 (D.C. 2007), a jury convicted Ford of armed manslaughter, assault with a dangerous weapon, and related weapons offenses for events occurring on June 21, 1999.  *Id.* at 1046.  He appealed to the District of Columbia Court of Appeals and challenged both the admission of statements he made before he was advised of his right to counsel and the admission of videotaped statements he made after he was informed of and waived his rights; he claimed these statements violated his *Miranda* rights.  *Id.*  After remanding for the trial judge "to make findings, and take additional testimony as necessary" about the facts in both time periods, *id.* at 1047 n.3, the appellate court affirmed the convictions, finding no basis on which to suppress Ford's statements, *id.* at 1047.

-2-

Ford now seeks collateral relief under 28 U.S.C. § 2254 alleging that his custody is in violation of the Constitution of the United States and that the appellate court's decision was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.  He argues that his right to due process was violated because authorities questioned him in an unconstitutional manner prior to his being read his *Miranda* rights, and that he was denied effective assistance of counsel on appeal, in violation of the Fifth, Sixth, and Fourteenth Amendments to the U.S. Constitution, because his appellate counsel failed to interview and present two witnesses on his behalf at the evidentiary hearing held during the Court of Appeals' remand to the Superior Court.  The viability of each of these arguments will be addressed below.

DISCUSSION

28 U.S.C. § 2254 provides a remedy for "persons in custody pursuant to the judgment of a *State* court."  28 U.S.C. § 2254(a) (emphasis added).  The District of Columbia Court Reform and Criminal Procedure Act of 1970 provides unique procedures for collateral review of convictions obtained in the D.C. Superior Court.  *See* 88 Pub. L. No. 241, 77 Stat. 478. (1963) (codifying the "Judiciary and Judicial Procedure" sections of the D.C. Code).  The post-conviction mechanism found in Section 23-110 of the D.C. Code is directly analogous to Section 2255 for federal prisoners and Section 2254 for state prisoners.  *Compare* D.C. Code §23-110(a) *with* 28 U.S.C. § 2254 *and* § 2255.  Its first subsection provides as follows:

> (a) A prisoner in custody under sentence of the Superior Court claiming the right to be released upon the ground that (1) the sentence was imposed in violation of the Constitution of the United States or the laws of the District of Columbia, (2) the court was without jurisdiction to impose the sentence, (3) the sentence was in excess of the maximum authorized by law, (4) the sentence is otherwise subject to

-3-

collateral attack, may move the court to vacate, set aside, or correct the sentence.

D.C. Code §23-110(a).  Also like Sections 2254 and 2255, D.C. law normally permits only one

such collateral attack.  *Id*. at (e) ("The court shall not be required to entertain a second or

successive motion for similar relief on behalf of the same prisoner.").  Furthermore, the final

subsection of Section 23-110 provides a "savings clause" identical to the one found in 28 U.S.C.

§ 2255(e).  It states:

> (g) An application for a writ of habeas corpus on behalf of a prisoner who is
> authorized to apply for relief by motion pursuant to this section shall not be
> entertained by the Superior Court or by any Federal or State court if it appears that
> the applicant has failed to make a motion for relief under this section or that the
> Superior Court has denied him relief, unless it also appears that the remedy by
> motion is inadequate or ineffective to test the legality of his detention.

D.C. Code §23-110(g); *see* 28 U.S.C. § 2255(e).

The Supreme Court confirmed the validity of Section 23-110 in *Swain v. Pressley*, 430

U.S. 372 (1977).  The petitioner in *Swain* was in custody pursuant to a sentence imposed by the

Superior Court of the District of Columbia and sought to challenge the constitutionality of his

conviction and sentence in a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 in

the United States District Court for the District of Columbia.  *Id.* at 373.  The Supreme Court

held that Section 23-110(g) of the D.C. Code bars a habeas petition in a Federal District Court

unless the remedy by a 23-110 motion is inadequate or ineffective to test the legality of the

Petitioner's detention.  *Id.* at 377–78; *see Blair-Bey v. Quick*, 151 F.3d 1036, 1044 (D.C. Cir.

1998) (pointing out that Section 23-110(g) expresses an "intent to eliminate federal habeas

corpus jurisdiction"); *Perkins v. Henderson*, 881 F.Supp. 55, 57 (D.D.C. 1995) (noting that "[t]he

unique status of the District of Columbia precludes nearly all federal post-conviction review of

District of Columbia Superior Court criminal convictions").

Because Ford is in custody pursuant to a judgment of a District of Columbia court, not a state court, he cannot seek relief pursuant to Section 2254.  As a prisoner in federal custody pursuant to a conviction by the D.C. Superior Court, Section 23-110 provides Ford's primary mechanism for redress.  But, just as federal offenders have access to habeas relief pursuant to Section 2241 through the savings clause in Section 2255(e), a D.C. offender may challenge his conviction or sentence using Section 2241 through the savings clause in D.C. Code Section 23-110(g).  Accordingly, the Court has construed Ford's petition to be a Section 2241 Petition.

In order to be entitled to use Section 2241 to challenge his conviction or sentence, however, Ford must present a facially viable claim that his remedy under Section 23-110 is inadequate or ineffective.  *See* D.C. Code §23-110(g); *Blair-Bey*, 151 F.3d at 1042–43; *Garris v. Lindsey*, 794 F.2d 722, 726 (D.C. Cir. 1986) ("[A] District of Columbia prisoner has no recourse to a federal judicial forum unless the local remedy is 'inadequate or ineffective to test the legality of his detention.'").  A Section 23-110 remedy, like the analogous federal remedy under Section 2255(e), is not inadequate or ineffective, however, simply because the requested relief has been denied.  *Wilson v. Office of the Chairperson*, 892 F.Supp. 277, 280 (D.D.C. 1995) (citing *Garris*, 794 F.2d at 727); *see Charles v. Chandler*, 180 F.3d at 753, 756–58 (6th Cir. 1999) (holding that Section 2241 cannot be used simply because the prisoner presented his claim in a post-conviction motion under Section 2255 and was denied relief or because his Section 2255 claim is time-barred).  Ford has not argued that Section 23-110 is an "inadequate and ineffective" remedy for bringing his due process claim; thus, the Court cannot review the merits of his claim under Section 2241.

In contrast, Ford does argue with regard to his ineffective assistance of appellate counsel claim that his remedy via D.C. Code Section 23-110 is inadequate to test the legality of his detention and accordingly that this Court may address this claim and grant relief under Section 2241. He argues the D.C. Code provision is inadequate because the D.C. courts have held that an ineffective assistance of appellate counsel claim is not cognizable under Section 23-110.

The D.C. Court of Appeals has indeed held that ineffective assistance of appellate counsel claims cannot be heard pursuant to Section 23-110. In *Streater v. United States*, 429 A.2d 173 (D.C. 1980), the D.C. Court of Appeals reasoned that Section 23-110 provides no basis upon which the trial court may review appellate proceedings. *Id.* at 174. Rather, the mechanism for a D.C. Code offender to raise an ineffective assistance of appellate counsel claim is by a motion to recall the mandate in the District of Columbia Court of Appeals. *Watson v. United States*, 536 A.2d 1056, 1060 (D.C. 1987) (citing *Streater*, 429 A.2d at 174); *see also* D.C. App. R. 41(c)). Since the District of Columbia Courts have provided an alternative to Section 23-110 as a collateral remedy, *see* D.C. App. R. 41(c), this local remedy, not Section 23-110 must be inadequate or ineffective for the Section 2241 remedy available to the petitioner, *see Garris v. Lindsay*, 794 F.2d 722, 726 (D.C. Cir. 1986) ("[A] District of Columbia prisoner has no recourse to a federal judicial forum unless the local remedy is "inadequate or ineffective to test the legality of his detention."). Thus, Ford's local remedy to challenge his conviction on the basis that his appellate counsel was ineffective is a motion to recall the mandate of the court of appeals.

Ford indicates on his AO Form that he sought to recall the mandate in the District of Columbia Court of Appeals, but that the Court of Appeals affirmed its earlier decision on December 21, 2007. *See* R. 2. The mere fact that the Court of Appeals denies such a motion

-6-

does not render the local remedy ineffective.  *Williams*, 2005 U.S. App. Lexis 23915, at *2; *see*

*Garris*, 794 F.2d at 727.  Instead, a prisoner who has properly filed a motion to recall the

mandate in the D.C. Court of Appeals presenting an ineffective assistance of appellate claim

must still demonstrate that his local remedy was inadequate or ineffective to be granted habeas

relief.  *See Garris*, 794 F.2d at 726; *Hood v. Smith*, No. 05-5316, 2007 U.S. App. Lexis 27886, at

*1–2 (D.C. Cir. Nov. 28, 2007); *Williams v. D.C. Dep't of Corr.*, No. 05-5020, 2005 U.S. App.

Lexis 23915, at *1–2 (D.C. Cir. Nov. 2, 2005) (per curiam); *Collier v. United States*, No. 99-

5120, 1999 U.S. App. Lexis 34710, at *1–2 (D.C. Cir. Dec. 15, 1999) (per curiam).  The U.S.

District Court for the District of Columbia has indicated that the availability of a motion to recall

the mandate is itself sufficient to make the local remedy adequate and effective.  *See, e.g.*, *Reyes*

*v. Rios*, 432 F. Supp. 2d 1, 3–4 (D.D.C. 2006); *Murray v. Stempson*, No. 90-0174, 1991 U.S.

Dist. Lexis 6732, at *5–6 (D.D.C. May 13, 1991) ("Thus, even though *Streater v. United States*,

429 A.2d at 174, prevents Murray from moving for review under § 23-110(a) in Superior Court,

the review he obtained on his motion to recall mandate in the D.C. Court of Appeals precludes

habeas corpus jurisdiction.").  And, the Sixth Circuit has only found a local remedy to ineffective

or inadequate "when the petition stated a facially valid claim for actual innocence." *Truss v.*

*Davis*, 115 F. App'x 772, 774 (6th Cir. 2004) (citing *Bannerman v. Snyder*, 325 F.3d 722, 724

(6th Cir. 2003)).

   While Ford alleged that his remedy under Section 23-110 was inadequate or ineffective

because it did not provide an avenue for him to challenge his conviction on the basis that his

appellate counsel was ineffective, he has not alleged that a motion to recall the mandate provided

an ineffective remedy.  In fact, he indicated on his form that he sought this remedy but was

denied.  More importantly, he has not demonstrated that he is actually innocent, nor has he made any other argument akin to that of actual innocence, *see In re Davenport*, 147 F.3d 605, 610 (7th Cir. 1998) (citing newly discovered evidence of innocence or a new and retroactive rule of constitutional law as reasons for allowing a Section 2241 petition).  Thus he has not demonstrated that his local remedy was inadequate or ineffective entitling him to use Section 2241 to challenge his conviction.

### CONCLUSION

In short, with regard to both of his claims, Ford has failed to demonstrate that the usual avenues for challenging his D.C. Superior Court convictions are inadequate or ineffective. Therefore, he is not entitled to use 28 U.S.C. § 2241 jurisdiction to obtain this Court's consideration of the merits of his constitutional claims.  Petitioner has failed to state a claim upon which this Court may grant relief.

Accordingly, it is **ORDERED** as follows:

1)      London Ford's Petition for Writ of Habeas Corpus is **DENIED**;

2)      This action shall be **DISMISSED,** *sua sponte,* from the Court's active docket; and

3)      Judgment shall be **ENTERED** contemporaneously with this Memorandum Opinion and Order in favor of the Respondent.

This the 2d day of March, 2009.



**Signed By:**

**_Amul R. Thapar_**

**United States District Judge**